IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BONNIE ADAMS o/b/o        )
ROBERT ADAMS,             )
                          )
           Plaintiff,     )
                          )
vs.                       )    Case No. 06-1044-MLB
                          )
JO ANNE B. BARNHART,      )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
           Defendant.     )
_____)

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying Bonnie Adams supplemental security income payments on behalf of Robert Adams, her minor son. The matter has been fully briefed by the parties, and has been referred to this court for a recommendation and report.

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be

1

conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test

has been met.  Glenn, 21 F.3d at 984.

The ALJ is required to apply a three-step analysis when making a determination whether a child is disabled.  In order to find that a child is disabled, the ALJ must determine, in this order, (1) that the child is not engaged in substantial gainful activity, (2) that the child has an impairment or combination of impairments that is severe, and (3) that the child's impairment meets, medically equals, or functionally equals a listed impairment.  Briggs v. Massanari, 248 F.3d 1235, 1237 (10th Cir. 2001); 20 C.F.R. § 416.924(a) (2006 at 916).

On August 25, 2003, Bonnie Adams filed an application for supplemental security income payments on behalf of Robert Adams (hereinafter referred to as "plaintiff") (R. at 14).  On July 25, 2005 administrative law judge (ALJ) Michael R. Dayton issued his decision (R. at 14-25).  Plaintiff was born on October 17, 1992 (R. at 15); therefore, he was 12 years old at the time of the ALJ decision.  At step one, the ALJ found that plaintiff has never engaged in substantial gainful activity (R. at 15).  At step two, the ALJ found that plaintiff has severe impairments of bipolar disorder NOS, attention deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), obesity, abdominal pain and

asthma (R. at 17).  At step three, the ALJ found that plaintiff did not meet or equal a listed impairment (R. at 17-19); the ALJ further determined that plaintiff was not functionally equivalent to a listed impairment (R. at 19-23).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23-25).

**I.  Did the ALJ err by not seeking medical records from a treatment provider?**

If a child has a severe impairment which does not meet or medically equal any listing, the ALJ must decide whether the severe impairment results in limitations that functionally equal the listings.  By "functionally equal the listings," the agency means that the severe impairment must be of listing level severity, *i.e.,* it must result in marked limitations in two domains of functioning or an extreme limitation in one domain.  20 C.F.R. § 416.926a(a) (2006 at 926).  The six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well being.  20 C.F.R. § 416.926a(b)(1) (2006 at 927).

4

A child will be considered to have a marked limitation in a domain when the impairment(s) interferes seriously with the claimant's ability to independently initiate, sustain, or complete activities.  The claimant's day-to-day functioning may be seriously limited when his/her impairment(s) limits only one activity or when the interactive and cumulative effects of his/her impairment(s) limit several activities.  Marked limitation also means a limitation that is more than moderate but less than extreme.  20 C.F.R. § 416.926a(e)(2) (2006 at 928).

A child will be considered to have an extreme impairment in a domain when the child's impairment(s) interferes very seriously with his/her ability to independently initiate, sustain, or complete activities.  The child's day-to-day functioning may be very seriously limited when his/her impairment(s) limits only one activity or when the interactive and cumulative effects of his/her impairment(s) limit several activities.  Extreme limitation also means a limitation that is more than marked.  However, extreme limitation does not necessarily mean a total lack or loss of ability to function.  20 C.F.R. § 416.926a(e)(3) (2006 at 928-929).

Plaintiff does not contend that his impairment meets or

equals a listed impairment.  Plaintiff asserts that his impairments functionally equal a listed impairment, specifically asserting that his impairments cause "marked" limitations in the following 2 domains: (1) attending and completing tasks, and (2) interacting and relating with others.  The ALJ found that plaintiff is markedly limited in the domain of the area of interacting and relating with others, but found less than marked limitations or no limitations in the other five domains.  In the domain of attending and completing tasks, the ALJ found that the plaintiff has a less than marked limitation (R. at 21-23).[1]

Thus, the only dispute is whether plaintiff has a marked limitation in the domain of attending and completing tasks.  The ALJ's explanation of his finding in this domain is as follows:

> In this domain, the child has less than "marked" limitations. The claimant's organization skills have greatly improved. He is able to sustain attention and to generally

---

[1]Inexplicably, in the ALJ's findings, he states that plaintiff has a "'marked' limitation in two domains of functioning, and does not functionally equal the severity of the listings" (R. at 25).  This finding contradicts the findings of the ALJ when specifically discussing each of the 6 domains (R. at 21-23).  Furthermore, marked limitations in 2 domains would dictate a finding that plaintiff's impairments functionally equal the severity of the listings.  Because this case is being remanded, this obvious discrepancy should be corrected.

6

>complete assignments on time, but continues to
>have marked limitations refocusing and working
>without distracting himself or others (exhibit
>9E/74). Testing at Prairie View was normal for
>attention and there were no signs of
>restlessness or inattentiveness. He has had
>normal psychomotor functioning (exhibit
>4F/60,62), except when hospitalized in
>January, 2004 (exhibit 9F/115). However, he
>has problems completing homework (exhibit
>6F/87) and attendance and attitude continue to
>be a problem at school and to interfere with
>learning (exhibit 9E/74-76). He works very
>well in small groups or one-on-one situations
>(exhibit 9E/73). The claimant exhibits a less
>than marked limitation in this domain.

(R. at 22).

The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.  The ALJ, in addition to discussing the evidence supporting his decision, must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects.  Clifton v. Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996); see Grogan v. Barnhart, 399 F.3d 1257, 1266 (10th Cir. 2005).  The ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).  However, the court cannot reweigh the evidence nor substitute its judgment for that of the agency.  White v.

Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).

As noted by the ALJ, both state agency assessments in this case opined that plaintiff had a less than marked impairment in the domain of attending and completing tasks (R. at 284, 301, 304).  The record also contains three teacher questionnaires.  The questionnaires are form SSA-5665-BK of the Social Security Administration (R. at 132-168).  In the questionnaire, plaintiff's teacher rated plaintiff in 13 categories listed under the domain of attending and completing tasks.  The teacher gave plaintiff one of the following 5 ratings in each of the 13 categories:

    1-no problem
    2-a slight problem
    3-an obvious problem
    4-a serious problem
    5-a very serious problem

(R. at 138, 150, 163).  The 3 questionnaires were filled out as follows:[2]

                    (R. at 138)    (R. at 150)    (R. at 163)[3]

---

[2] The most recent evaluation (R. at 138) is dated Feb. 24, 2004 (R. at 143); the second evaluation (R. at 150) is dated Sept. 26, 2003 (R. at 155); the last evaluation (R. at 163) is undated (R. at 168).

[3] Two of the categories on this questionnaire were marked N/A (R. at 163).

8

| | | | |
|---|---|---|---|
| no problem | 1 | 2 | 1 |
| a slight problem | 8 | 4 | 2 |
| an obvious problem | 2 | 3 | 5 |
| a serious problem | 2 | 3 | 3 |
| a very serious problem | 0 | 1 | 0 |

As noted earlier, a marked limitation is one that "seriously" interferes with the child's ability to independently initiate, sustain, or complete activities, and an extreme limitation is one that "very seriously" interferes with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2,3). In the 3 teacher questionnaires, the number of serious or very serious problems in the 13 categories was as follows: 2 of 13 (R. at 138), 4 of 13 (R. at 150), and 3 of 11 (R. at 163). Given that a marked limitation is one that "seriously" interferes with the child's ability to independently initiate, sustain or complete activities, these questionnaires provide support for the ALJ's finding that plaintiff's limitation in the domain of attending and completing tasks is less than marked. Thus, both the state agency assessments and the teacher questionnaires support the ALJ's finding on this issue. Plaintiff did not point to any evidence that clearly indicated that

plaintiff had a marked limitation in the domain of attending and completing tasks.

However, plaintiff also noted that the ALJ failed to seek additional medical records although the plaintiff's mother, who was not represented at the hearing on May 18, 2005 (R. at 14), testified that she thought there were some recent records from High Plains Mental Health Center after December 2004, and that an evaluation was being sent of plaintiff's current problems and "emergency high line times and crisis we have had since January [2005]" (R. at 336).  Plaintiff's mother further testified that plaintiff had a new counselor who had handled two crisis requiring emergency attention (R. at 337), stated that her son goes to High Plains twice a month, and provided the name of the counselor (R. at 344).  Plaintiff argues that the ALJ erred by not seeking these medical records.

42 U.S.C. § 423(d)(5)(B) states as follows:

> In making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record, **and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is**

> **not under a disability. In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination**, prior to evaluating medical evidence obtained from any other source on a consultative basis.

(emphasis added).  Although the claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues.  This duty is especially strong in the case of an unrepresented claimant.  The ALJ has a duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.  Carter v. Chater, 73 F.3d 1019, 1021, 1022 (10th Cir. 1996).

Given the clear and unambiguous statutory language and controlling case law, the ALJ erred by failing to attempt to obtain counseling records from High Plains Mental Health Center after December 2004 in light of the fact that plaintiff's mother noted that her son had been in counseling with them in 2005, her belief they would send an evaluation, and the fact that she was unrepresented by counsel at the hearing.  The court cannot

speculate as to whether the records, if sought and obtained, would impact the finding of the ALJ that plaintiff has less than a marked impairment in the domain of attending and completing tasks. Furthermore, the court cannot determine if this error was harmless error, because a harmless error determination which rests on legal or evidentiary matters not considered by the ALJ risks violating the general rule against post hoc justification of administrative action. Until the ALJ attempts to obtain the 2005 treatment records from High Plains, the court cannot confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004). Therefore, this case should be remanded in order for the defendant to seek records from High Plains for 2005.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule

72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on November 9, 2006.

 s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge